UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LISA STROH
A/K/A LISA MORENO
3000 George Urban Boulevard
Depew, New York 14043                          COMPLAINT
                and
RAYMOND MORENO                                 Index No.: _____
11279 Clinton Street
Elma, New York 14094                           Date Filed: _____

                Plaintiff

        vs.

THE CHARTER OAK FIRE INSURANCE COMPANY
One Tower Square
Hartford, Connecticut 06183

TRAVELERS PROPERTY CASUALTY COMPANY
One Tower Square
Hartford, Connecticut 06183

                Defendants
_____

TO THE ABOVE NAMED DEFENDANTS:

        The plaintiffs, LISA STROH, a/k/a LISA MORENO and RAYMOND MORENO, by

and through their attorneys, NICHOLAS, PEROT, SMITH, BERNHARDT & ZOSH, P.C.,

Michaelangelo J. Cieri, Esq., of Counsel, as and for their complaint against the defendants,

hereby state the following:

        1.      Upon information and belief and at all times hereinafter mentioned, the plaintiffs

were and still are residents of the State of New York and County of Erie within the Western

District of New York.

        2.      The Basis for Jurisdiction in Federal Court is Diversity Jurisdiction.

3.     The Reason for Venue in the Western District of New York is that the claim arises in and the plaintiffs reside in one of the 17 westernmost counties of the State of New York, namely, Erie County.

4.     The nature of the suit is a breach of contract.

5.     The name of the First Plaintiff is Lisa Stroh, also known as Lisa Moreno, and she resides at 11279 Clinton Street, Elma, New York 14094 since the date of loss, but also maintains an address at 3000 George Urban Boulevard, Depew, New York 14043 which is the premises in question for this claim.

6.     The name of the Second Plaintiff is Raymond Moreno and he resides at 11279 Clinton Street, Elma, New York 14094.

7.     Upon information and belief and at all times hereinafter mentioned, the defendant, The Charter Oak Fire Insurance Company, was and is a foreign corporation licensed to do business in the State of New York.

8.     Upon information and belief and at all times hereinafter mentioned, the defendant, The Charter Oak Fire Insurance Company maintained an office for the transaction of business at One Tower Square, Hartford, Connecticut 06183.

9.     Upon information and belief and at all times hereinafter mentioned, the defendant, The Charter Oak Fire Insurance Company, was and is a member of the Travelers Property Casualty Company.

10.     Upon information and belief and at all times hereinafter mentioned, the defendant, Travelers Property Casualty Company, was and is a foreign corporation licensed to do business in the State of New York.

11.     Upon information and belief and at all times hereinafter mentioned, the defendant, Travelers Property Casualty Company maintained an office for the transaction of business at One Tower Square, Hartford, Connecticut 06183.

12.     That on or about the 7th day of March, 2013, the defendant, The Charter Oak Fire Insurance Company, was transacting and conducting business within the State of New York.

13.     That on or about the 7th day of March, 2013, the defendant, Travelers Property Casualty Company, was transacting and conducting business within the State of New York.

14.     That on or about the 7th day of March, 2013, the plaintiff, Lisa Stroh, a/k/a Lisa Moreno, was the owner of the premises legally known as 3000 George Urban Boulevard, Depew, New York 14043.

15.     That on or about the 7th day of March, 2013, the plaintiff, Raymond Moreno, was the owner of the premises legally known as 3000 George Urban Boulevard, Depew, New York 14043.

16.     That the plaintiffs Lisa Stroh, a/k/a Lisa Moreno and Raymond Moreno owned the premises legally known as 3000 George Urban Boulevard, Depew, New York 14043 as tenants-in-common.

17.     That on or about the 29th day of June 2012, the plaintiffs, Lisa Stroh a/k/a Lisa Moreno and Raymond Moreno were married in Las Vegas, Nevada 89155.

18.     That the plaintiffs, Lisa Stroh, a/k/a Lisa Moreno and Raymond Moreno, are presently the owners of the premises legally known as 3000 George Urban Boulevard, Depew, New York 14043.

19.     That on or about the 7th day of March, 2013, the aforementioned premises was severely damaged by fire.

20.     That on or about the 7th day of March, 2013, as a result of the fire which took place on the aforementioned premises, the plaintiffs sustained substantial property loss and property damages.

21.     That from the 7th day of March, 2013 forward, as a result of the fire which took place on the aforementioned premises, the plaintiff was forced to incur substantial expenses and out of pocket expenses.

22.     That the structure fire which occurred on the premises legally known as 3000 George Urban Boulevard, Depew, New York 14043, on or about the 7th day of March, 2013, was not attributable to any negligence on behalf of the plaintiffs.

23.     Upon information and belief, as of the date of the aforementioned fire, the plaintiff Lisa Stroh, a/k/a Lisa Moreno, possessed homeowners insurance with policy number 984829900 633 1, issued by defendant The Charter Oak Fire Insurance Company, covering the time period of May 21, 2012 through May 21, 2013.

24.     Upon information and belief, as of the date of the aforementioned fire, the plaintiff, Raymond Moreno falls under the definition of "named insured" in the policy mentioned above.

25.     That as a result of the fire on the aforementioned premises on the aforementioned date, the plaintiff submitted a claim to The Charter Oak Fire Insurance Company for losses due to property damage and related expenses incurred.

26.     At all times relevant to this complaint, the Plaintiff has performed her obligations under the homeowners insurance policy numbered 984829900 633 1.

27.     A prior lawsuit was filed in the Erie County Supreme Court in the State of New York on March 6, 2014 under Index Number 802390/2014, the parties were Lisa Stroh, a/k/a Lisa Moreno, plaintiff vs. The Charter Oak Fire Insurance Company and Travelers Property Casualty Company, defendants, attached hereto as "Exhibit A."

28.     That case was removed to The United States District Court, Western District of New York on or about May 7, 2014 upon motion of the Defendants pursuant to Diversity Jurisdiction, Docket Number 1:14-CV-00347, attached hereto as "Exhibit B."

29.   The suit referenced above was resolved by a Stipulation of Dismissal entered September 9, 2014, hereto attached as "Exhibit C."

30.   Pursuant to the Stipulation of Dismissal, "in the event no coverage determination is issued by March 7, 2015, the contractual-limitations period shall be extended to 60 days after Charter Oak issues its coverage determination.

31.   The defendants issued a coverage determination on June 2, 2016 relating to the above matter, hereto attached as "Exhibit D," well after the March 7, 2015 date from the Stipulation of Dismissal.

32. This extended the contractual-limitations period to 60 days from June 2, 2016, the date the Defendants issued the coverage determination.

## AS AND FOR A FIRST CAUSE OF ACTION FOR LISA STROH A/K/A LISA MORENO FOR BREACH OF CONTRACT

33.   The plaintiff repeats and realleges paragraphs 1-32 above as if more fully set forth herein.

34.   That at the request of the defendants, the plaintiff executed proofs of loss and provided same to the defendant on or about June 13, 2013, as required under the policy referenced above in paragraph 23.

35.   The Defendants coverage determination letter, dated June 2, 2016 paid a portion of the claimed losses, to wit $5,400 in lost rent, and $45,922.59 for damage to the property minus the $2,500 deductible.

36.   However, it did not pay the claim as presented in the proofs of loss and expressly rejected a portion of the claimed proofs of loss, as well as undervaluing the property damage portion of the claim.

37.     Defendants, the insurance carrier for the plaintiff, have failed to adjust or resolve the full claim relating to certain property losses and other economic loss sustained by the plaintiffs.

38.     Upon information and belief, as of the date of the incident in question, the plaintiff, Lisa Stroh, a/k/a Lisa Moreno, was a deeded owner of the premises legally known as 3000 George Urban Boulevard, Depew, New York 14043, and therefore, was, an insured, based on provisions of defendants policy, number 984829900 633 1.

39.     That the failure of the Defendants to adjust or resolve the Plaintiff's claim in its entirety are improper and defendants are required to afford coverage to the plaintiff for the incident in question.

40.     As an insurance carrier doing business within the State of New York, defendants were under an obligation to refrain from unfair claims practices and to further refrain from any exercise of bad faith with respect to determination of coverage for its insured.

41.     Upon information and belief, the defendants' failure to adjust or resolve the Plaintiff's claims of certain property damage loss claims and expense claims was improper.

42.     That the aforementioned failure to adjust or resolve the Plaintiff's claim constitutes a breach of the insurance contract between the plaintiffs and the defendants.

43.     That as a result of the losses sustained by the plaintiffs, the plaintiffs are entitled to compensation from defendants through the aforementioned homeowners policy number 984829900 633 1, possessed by the plaintiffs as of the aforementioned date of loss.

44.     That certain property losses and expenses for Lisa Stroh, a/k/a Lisa Moreno, including but not limited to dwelling, personal property, and loss of use, totaling approximately $87,612.50 to date and ongoing, have been incurred by the plaintiff as the result of the aforementioned fire.

45.    The defendants have failed or refused to compensate plaintiffs for same, instead only paying $51,322.59, minus the $2,500 deductible, totaling $48,822.59, despite applicable and ample coverage existing through the plaintiffs' homeowner's insurance policies as of the date of loss.

46.    This has left an unpaid claim for Lisa Stroh, a/k/a Lisa Moreno in the amount of $36,289.91.

47.    The failure of the defendants to pay this portion of the claim is a breach of contract.

## AS AND FOR A FIRST CAUSE OF ACTION FOR RAYMOND MORENO FOR BREACH OF CONTRACT

48. The plaintiff repeats and realleges paragraphs 1-47 above as if more fully set forth herein.

49.    That at the request of the defendants, the plaintiff executed proofs of loss and provided same to the defendant on or about June 13, 2013, as required under the policy referenced above in paragraph 23 which covered both Lisa Stroh a/k/a Lisa Moreno and Raymond Moreno's interest in the property.

50.    The Defendants coverage determination letter, dated June 2, 2016 paid a portion of the claimed losses, to wit $5,400 in lost rent, and $45,922.59 for damage to the property minus the $2,500 deductible, but denied plaintiff Raymond Moreno's claim in its entirety.

51.    Defendants, as the insurance carrier for the plaintiffs, have failed to adjust or resolve the claim relating to certain property losses and other economic loss sustained by the plaintiffs.

52.    Upon information and belief, as of the date of the incident in question, the plaintiff, Raymond Moreno, was a deeded owner of the premises legally known as 3000 George Urban Boulevard, Depew, New York 14043, and was a member of Lisa Stroh's, a/k/a Lisa

Moreno's household, and therefore, was, an insured, based on provisions of defendants policy, number 984829900 633 1.

53.    That the failure of the Defendants to adjust or resolve the Plaintiff's claim are improper and defendants are required to afford coverage to the plaintiff for the incident in question.

54.    As an insurance carrier doing business within the State of New York, defendants were under an obligation to refrain from unfair claims practices and to further refrain from any exercise of bad faith with respect to determination of coverage for its insured.

55.    Upon information and belief, the defendants' failure to adjust or resolve the Plaintiff's claims of certain property damage loss claims and expense claims was improper.

56.    That the aforementioned failure to adjust or resolve the Plaintiff's claim constitutes a breach of the insurance contract between the plaintiffs and the defendants.

57.    That as a result of the losses sustained by the plaintiffs, the plaintiffs are entitled to compensation from defendants through the aforementioned homeowners policy number 984829900 633 1, possessed by the plaintiffs as of the aforementioned date of loss.

58.    That certain property losses and expenses for Raymond Moreno, including but not limited to dwelling, personal property, and loss of use, totaling approximately $68,452.24 to date and ongoing, have been incurred by the plaintiff as the result of the aforementioned fire.

59.    The defendants have failed or refused to compensate plaintiffs for same despite applicable and ample coverage existing through the plaintiffs' homeowner's insurance policies as of the date of loss.

60.    This has left an unpaid claim for Raymond Moreno in the amount of $68,452.24.

61.    The failure of the defendants to pay this portion of the claim is a breach of contract.

62.     Defendants, as the insurance carrier for the plaintiff, have failed to adjust or resolve the claim relating to certain property losses and other economic loss sustained by the plaintiffs.

**WHEREFORE,** plaintiffs, Lisa Stroh, a/k/a Lisa Moreno and Raymond Moreno, requests a declaratory judgment from this Court finding that defendants, The Charter Oak Fire Insurance Company and Travelers Property Casualty Company, must provide coverage and payments to plaintiffs, as the insureds, under The Charter Oak Fire Insurance Company homeowners policy issued to the plaintiffs relating to the incident complained of herein, and that the defendants, The Charter Oak Fire Insurance Company and Travelers Property Casualty Company, must make payments, plus interest, and treble damages on the outstanding property loss claims, and expense claims, alleged by the plaintiffs, together with costs, attorney's fees, and such other and further relief as this court deems just and proper; or

**WHEREFORE,** plaintiffs, Lisa Stroh, a/k/a Lisa Moreno and Raymond Moreno demands, in the alternative, judgment against the defendants jointly and severally in an amount to be determined by a jury upon the trial of this action for damages on the first causes of action or each plaintiff, plus all costs, disbursements, and attorney fees.

Dated:      Akron, New York
            July 29, 2016

_____
Michaelangelo J. Cieri, Esq.
NICHOLAS, PEROT, SMITH,
BERNHARDT & ZOSH, P.C.
Attorneys for Plaintiffs
12364 Main Road, P.O. Box 176
Akron, New York 14001
(716) 542-5413